## HOME BEN. ASS'N v. ALLEE.

### No. 3455.

Court of Civil Appeals of Texas. Beaumont.

April 20, 1939.

Cecil R. Glass, of Marlin, for appellant.

C. W. Falvey, of Lufkin, and Denman & Fowler, of Nacogdoches, for appellee.

O'QUINN, Justice.

Suit by appellee, Ruby Earl Allee, to recover upon two policies of life insurance issued by appellant in the sum of $3,000 less $500 admitted to have been paid.

Appellant duly filed its plea of privilege to be sued in Falls County, the county of its domicile. Appellee duly filed her controverting affidavit. Upon hearing the plea of privilege was denied.

Appellant then answered admitting the issuance of the policies and its liability on same, but further answered pleading a novation of the insurance contract, as to the manner and time of payment, alleging that appellee and appellant on January 7, 1937, entered into a written contract by which it was agreed that payment of the amount due appellee, $2,500, could be paid out of the surplus funds of appellant after the current claims maturing after said January 7, 1937, were paid, the payment to appellee to be made quarterly or oftener, and that it had not breached such new or novated contract, and that same was still in force, wherefore appellee was not entitled to maintain this suit.

Appellee filed supplemental petition answering appellant's pleading alleging that the new contract was obtained by fraud on the part of appellee in that it promised her if she would execute the new contract it would pay her $150 per month until her claim was fully discharged; that she believed the representations so made to her and on the faith of them she executed the contract, but otherwise would not have done so.

The case was tried to the court without a jury, and judgment rendered in favor of

appellee in the sum of $2,500, or so much of said sum as the proceeds of an assessment upon the then existing membership of appellant association would realize, and requiring said association to make such assessment and to report to the trial court under oath the amount realized from such assessment, as provided in Section II of the general provisions of the policies. This appeal is from that judgment.

The court filed his findings of fact and conclusions of law. As appellant does not contest its liability under the policies, it is not necessary to state the court's findings of fact more than that he found that the new contract was not obtained from appellee by fraud—"that there was no proof that Ruby Earl Allee was induced to sign said contract by fraudulent representations on the part of the defendant, Home Benefit Association, or any officer of said defendant", and concluded as a matter of law that appellant had breached said contract, had failed to make any effort to perform its said contract, and that appellee was entitled to have said contract set aside, and was entitled to maintain her suit on the policies.

The contract made between the parties reads:

"The State of Texas, County of Falls:

"Know All Men by These Presents:

"That Whereas The Home Benefit Association of Falls, McLennan and adjoining counties, is indebted to me, the undersigned, in an amount not to exceed the sum of $2,500.00 to be paid out of Mortuary fund of said association; and

"Whereas, there are numerous other claims unpaid, and said Association is unable to pay current claims in full until all prior claims are paid; and

"Whereas, it would be to the mutual advantage of the undersigned and the Home Benefit Association for said Association to pay its current claims promptly in order to maintain its membership;

"Therefore, for and in consideration of the premises, it is agreed by and between said Association and the undersigned, that said Association shall have the right to first pay the claims maturing against the Mortuary fund from and after the 1st. day of January, 1937, and that the claims maturing and unpaid before said date shall be paid on a prorata basis out of the surplus of said fund and that said proration shall be made quarterly or oftener. It is further agreed, however, that out of the surplus in said fund after the payment of current claims, said Association may compromise and settle for less than full value, claims outstanding against the same with claimants desiring to do so.

"Witness our hands this the 7th. day of January, 1937.

"Mrs. Ruby Earl Allee, Claimant.
"Home Benefit Association
"By J. E. Pool, Vice Pres.
"Witnesses:
"H. E. Brown
"Cecial R. Glass."

■ We construe this contract to mean that the Association would make payments as and when there was a surplus in the Mortuary fund after paying current claims, the payments to be made quarterly or oftener, if possible. If at the end of any quarter there was no surplus in the fund, no payment could be made. While the record discloses that the Association, at the time the contract was made, owed more than $200,000 to claimants and had no funds in its Mortuary treasury, and so, if all current claims maturing after the date of the contract, January 7, 1937, were paid before any money could be applied to claims matured before January 7, 1937, thus rendering it certain that such deferred claims would not be paid until a very long wait, if at all, still the contract so provided, was understood by appellee when she signed the contract, and so novated the old contract as to terms and time of payment. The contract plainly does not provide for payment certain on each quarter, but only when there were funds on hand with which to make the payments.

■ The judgment set aside the novated contract. Appellant assigns error against this action of the court because there was no pleading asking for its cancellation. We sustain the assignment. No where in the pleading is such relief asked. The fact that appellant had breached its contract to pay quarterly, if it had, does not afford grounds for setting aside the contract.

■ There was no error in overruling the plea of privilege. Article 1995, Section 28a, Vernon's Ann.Civ.St.

The judgment is reversed and the cause remanded for another trial.